IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PITLOR,<br><br>Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC., and  CHARLES SCHWAB & CO., INC.,<br><br>Defendants. | **8:23CV407**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction (Filing No. 12) filed by Defendants TD Ameritrade, Inc. ("TD Ameritrade") and Charles Schwab & Co., Inc. ("Schwab") (collectively, "Defendants").  For the reasons stated below, the motion will be granted.

## BACKGROUND

There is a long history of litigation between the parties in this suit that involves multiple lawsuits in this district that span nearly eight years.  While the Court will not endeavor to set out the specific details of each suit, a brief overview of the litigation is appropriate.

Plaintiff, who is proceeding *pro se* in this case, filed a complaint against TD Ameritrade and its outside counsel in the United States District Court for the District of Nebraska (the "Court") on September 26, 2017.  (Case No. 8:17CV359, Filing 1.)  Upon motion by the defendants, the Court dismissed Plaintiff's complaint. (Case No. 8:17CV359, Filing 38.)  The Eighth Circuit Court of Appeals affirmed the Court's order in a *per curiam* decision issued on January 28, 2019.  (Case No. 8:17CV359, Filing 51.)

On May 1, 2018, Plaintiff filed suit against Schwab in this Court. (Case No. 8:18CV196, Filing 1.) On May 4, 2018, Plaintiff filed an amended complaint and a motion for a preliminary injunction in that case. (Case No. 8:18CV196, Filing 6, Filing 7.) On May 18, 2018, Schwab filed a motion to stay proceedings and compel arbitration before the Financial Industry Regulatory Authority ("FINRA") pursuant to a written arbitration agreement between Plaintiff and Schwab. (Case No. 8:18CV196, Filing 12.) Schwab's motion to compel was granted on June 13, 2018. (Case No. 8:18CV196, Filing 26.) The Court stayed the case pending arbitration. (Case No. 8:18CV196, Filing 26.) Because Plaintiff failed to initiate any arbitration proceedings, the Court dismissed Plaintiff's suit on September 18, 2020. (Case No. 8:18CV196, Filing 50.)

On March 5, 2019—before the dismissal of the earlier suit—Plaintiff filed another case against Schwab in this Court. (Case No. 8:19CV95, Filing 1.) Schwab filed a motion to compel arbitration in that case noting that the claims were also subject to the arbitration agreement. (Case No. 8:19CV95, Filing 10, Filing 11.) Schwab's motion to compel arbitration was granted and the Court ordered the parties to proceed to arbitration. (Case No. 8:19CV95, Filing 10; Filing 17.) However, rather than do so, Plaintiff filed an appeal with the Eighth Circuit Court of Appeals which was dismissed for lack of jurisdiction on August 1, 2019. (Case No. 8:19CV95, Filing 23.) This Court dismissed Plaintiff's case on September 18, 2020. (Case No. 8:19CV95, Filing 36.)

On July 6, 2020, Plaintiff filed another complaint in this Court against TD Ameritrade, Schwab, and its outside counsel. (Case No. 8:20CV267, Filing 1.) Plaintiff alleged a "conspiracy" between TD Ameritrade and Schwab related to perceived discrepancies in his TD Ameritrade and Schwab brokerage accounts. On August 13, 2020 and August 17, 2020, the defendants moved to dismiss the case. (Case No. 8:20CV267, Filing 14; Filing 18.) The Court granted the motions and, in doing so, agreed with the defendants that Plaintiff's complaint was frivolous. (Case No. 8:20CV267, Filing 36.) The Court enjoined Plaintiff from filing any further lawsuits against TD Ameritrade or Schwab "unless the pleadings [were] either signed by a duly-admitted member of the court's bar or the court [authorizes] the filing of the pleadings in advance." (Case No. 8:20CV267, Filing 36.)

On July 13, 2022, Plaintiff initiated arbitration against Defendants by filing a Statement of Claim with FINRA. (Filing No. 2-1.) In his Statement of Claim, Plaintiff requested $10,248,581.75

from Schwab and $10,537,784.90 from TD Ameritrade.  (Filing No. 2-1.)  The Arbitration proceeded to final hearing, which occurred from May 30, 2023 through June 2, 2023.  (Filing No. 2-1.)  At the conclusion of Plaintiff's case-in-chief, Defendants made an oral motion to dismiss pursuant to FINRA Rule 12504(b).[1]  (Filing No. 2-1.)  The motion was granted. On June 7, 2023, the FINRA Arbitration Panel entered its Award dismissing Plaintiff's claims.  (Filing No. 2-1.)

On September 8, 2023, this Court file-stamped an "OATH (Certifying Compliance with F.R.C.P. 11(b)) for PETITIONS TO MODIFY AND TO VACATE THE ARBITRATION AWARD, and (if warranted) PROVISIONAL MOTION" that Plaintiff brought to the Clerk of Court's Office. (Filing No. 7.)  On September 11, 2023, the Court received from Plaintiff a "Petition to Modify Arbitration Award Petition to Vacate Arbitration Award" (Filing No. 1) and "Petition to Modify Arbitration Award Petition to Vacate Arbitration Award" (which was also identified by Plaintiff as an "Index of Attachments"). (Filing No. 2). The Petitions are each dated September 7, 2023. (Filing No. 1; Filing No. 2.) The Petitions were filed on September 11, 2023, and the present case was opened and assigned Case No. 8:23CV407.[2]

The "Petition" at Filing No. 1 alleges this Court has diversity and federal question jurisdiction. (Filing No. 1.)  Plaintiff cites 18 U.S.C. § 1964 and 15 U.S.C. § 12 as the federal statutes at issue, and indicates Plaintiff is a Nebraska resident and that Schwab is incorporated in Texas and has various places of business. (Filing No. 1.)  The Petition at Filing No. 1 states that TD Ameritrade's address no longer exists. (Filing No. 1.) The Petition found at Filing No. 2 states that this Court has jurisdiction "as the underlying claims for case 20-cv-267 pertain to matters of Federal law pursuant to 28 U.S.C. § 1331." (Filing No. 2.)

---

[1] FINRA Rule 12504(b) pertains to motions to dismiss made following the conclusion of a party's case-in-chief.

[2] On September 7, 2023, Plaintiff sent an email to Defendants' counsel, attaching an unfiled copy of Plaintiff's Petition to Modify Arbitration Award and Vacate Arbitration Award. (Filing No. 14-2; Filing No. 2.) On September 11, 2023, Defendants' counsel received a copy of Plaintiff's Petition (Filing No. 2) via certified mail.  (Filing No. 18-1.) Defendants maintain the Petition they received did not include any of the exhibits Plaintiff sent to the Court. (Filing No. 17; Filing No. 18; Filing No. 18-1.) The package from Plaintiff to Defendants containing the Petition was postmarked September 8, 2023.  (Filing No. 18-1.)  On October 5, 2023, Plaintiff sent emails to Defendants' counsel indicating that the package containing the Petition was given to the USPS on September 7, 2023.  (Filing No. 18-1.)

**DISCUSSION**

In this case, Plaintiff seeks to vacate or modify the arbitration award issued by FINRA. The scope of review of an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., is "exceedingly limited and deferential." *St. John's Mercy Medical Center v. Delfino*, 414 F.3d 882, 884 (8th Cir. 2005). Section 10(a) of the FAA enumerates four grounds for which a federal court may vacate an arbitration award: (1) where the award was procured by corruption, fraud or undue means, (2) where there was evident a partiality or corruption in the arbitrators, (3) where the arbitrators are guilty of misconduct which prejudices either party, or (4) where the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(1)-(4). Significantly, "[c]ourts have absolutely no authority to reconsider the merits of an arbitration award, even when the parties allege the award rests on factual errors or on a misinterpretation of the underlying contract." *McGann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005).

The FAA "bestow[s] no federal jurisdiction." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). "That means an applicant seeking . . . to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). A federal court, in determining whether it has jurisdiction to decide an application to vacate an arbitration award, looks only to the application submitted to the court—it does not look through the application to the underlying substantive controversy between the parties. *Id. See also Hursh v. DST Systems, Inc.*, 54 F.4th 561 (8th Cir. 2022); *Prospect Funding Holdings v. Ronald J. Palagi, P.C., L.L.C.*, 76 F.4th 785 (8th Cir. 2023).

Looking to each of the "Petitions" Plaintiff sent to the Court, it is apparent that this Court lacks jurisdiction. Plaintiff's "Petition" at Filing No. 1 summarily states that this Court has diversity and federal question jurisdiction. (Filing No. 1.) Plaintiff cites 18 U.S.C. § 1964 and 15 U.S.C. § 12 as the federal statutes at issue. (Filing No. 1.) The Petition then indicates Plaintiff is a Nebraska resident, Schwab is incorporated in Texas and has various places of business, and that TD Ameritrade's address no longer exists. (Filing No. 1.) The Petition found at Filing No. 2 states that this Court has jurisdiction "**as the underlying claims for case 20-cv-267 pertain to matters of Federal law pursuant to 28 U.S.C. § 1331**." (Filing No. 2) (emphasis added).

4

Because the Court cannot look to the underlying substantive controversy to assess jurisdiction (as Plaintiff apparently invites the Court to do), a basis for federal jurisdiction is lacking. At the time this suit was commenced, TD Ameritrade was a New York corporation, with a principal place of business in Omaha, Nebraska. (Filing No. 14-5.) 28 U.S.C. § 1332(c)(1) ("For the purposes of this section . . . a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Plaintiff is a Nebraska resident. Thus, complete discovery for purposes of diversity jurisdiction is lacking.[3]

Further, the dispute between the parties is not predicated on a federal question. Although Plaintiff cites two federal statutes in his Petition found at Filing No. 1, those statutes can only pertain to the underlying dispute, not the enforceability of the arbitration award which is the subject of this action. *See Badgerow*, 596 U.S. at 9. In fact, in his Petition found at Filing No. 2, Plaintiff acknowledges that federal question jurisdiction is premised on the issues involved in the underlying controversy between the parties. Because the Court lacks jurisdiction over Plaintiff's claims, this case will be dismissed.[4]

Defendants seek an award of attorney's fees and costs to sanction Plaintiff for filing another frivolous suit against them and to deter Plaintiff from such future conduct. Under Federal Rule of Civil Procedure 11(b), courts may impose sanctions if a pleading, written motion, or other paper (1) is presented for any improper purpose; (2) contains claims, defenses, and other legal contentions that are unwarranted by existing law or are frivolous; (3) include factual contentions that lack evidentiary support; or (4) contain denials of factual contentions that are unwarranted on the evidence. Fed. R. Civ. P. 11(b). "The fact that a person is not represented by counsel does not absolve the person of compliance with Rule 11[.]" *Walker v. Walker*, 854 F. Supp. 1443, 1462 (D. Neb. 1994). However, based on the procedural posture of this case stemming from an arbitration

---

[3] Federal diversity jurisdiction requires there to be an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To determine jurisdiction, courts look to the parties' status at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

[4] Defendants also argue that the Court need not address the merits of Plaintiff's Petition because the Petition was untimely. While this argument is well-received, the Court will not address timeliness given its finding that it lacks subject matter jurisdiction.

award, the Court will not award sanctions given Plaintiff's *pro se* status. Plaintiff is cautioned, however, that if he files additional frivolous lawsuits against these Defendants based on matters that have been previously brought before this Court and/or arising out of the same nucleus of facts as those earlier cases (including this suit), sanctions will almost certainly be imposed. Plaintiff should consider himself warned.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Filing No. 12) is granted. This case is dismissed with prejudice.

2. Plaintiff's Motion for Leave to File Surreply (Filing No. 23) is denied as moot.

3. Plaintiff's Motion for a Ruling or, Alternatively, a Status Conference (Filing No. 30) is denied as moot.

4. Judgment will be entered by separate document.

Dated this 21st day of November, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge